The next case is Checksfield v. Internal Revenue Service. Good morning, Justices. If it pleases the Court, I am appearing pro se. This is an action based upon a case of abuse of discretion by the U.S. District Court for the Northern District of New York. There were two points made in my appeal, the first being the denial of the Rule 60 motion by the District Court, and the second on the denial of the FOIA claim itself in January of 2024. I am aware the Court's time is valuable, and as the Department of Justice has decided not to join us today, I will make any of my comments I have brief. The government, in their response filed in June, stated that because of the two issues the appellant was appealing were indistinguishable, that they were not going to address the issue regarding the motion or the Rule 60 portion of the appeal. Using the word indistinguishable, I believe, is very unclear of what really took place within that portion of the appeal. The Rule 60 motion was based primarily on a rule in the local rules of practice for the District Courts, specifically it's 56-1A, and that rule clearly articulates specific requirements that a litigant must make clear in their statement of material facts, very specific points, and that they have to be clear and complete. As I stated in my appeal, I don't feel the government made that standard, and it caused me, in my response to the summary judgment motion, to make certain mistakes. So, on that point, I just think for the Department of Justice to say, well, we're not going to respond to this because we consider it indistinguishable, just doesn't really have a lot of merit. The second point I wish to address was the government, in their filing of June 4th to this Court, stated that this whole matter originated from a malpractice suit against an attorney in Central Upstate New York 20 years ago. That is true. I have been fighting this case this entire time. It's a situation that was dragged out in the state courts for an extended period of time. I decided to go to the federal court with a FOIA claim when I came across certain information that said the attorney in question was being disciplined for certain procedural violations. He was ultimately disbarred, the attorney in question was ultimately disbarred in 2017. In New York State, their disciplinary procedures for attorneys are considered highly confidential, or at least were highly confidential. But whenever, not just a lawyer, but any professional person gets disbarred or loses a license, to some degree that lessens the degree of privacy they have if they have not been forthright in saying that they have malpractice insurance, which is the case in this matter. A case that reinforces this point is the U.S. District Court of the Southern District of New York noted in Civil Rights Court v. LaSalle in July 2024. The court reasoned that privacy in attorney disciplinary proceedings do not take precedence over First Amendment presumptions of access rights. Effectively, this case makes clear that attorneys simply cannot have carte blanche and that they are answerable for their actions. Basically, with these points and my filings to the courts of March of 2025 and June 2025, that's all I have to say. Thank you, Mr. Chexfield, for coming in and we have your papers and thank you for your presentation. Thank you. That's the last case to be argued this morning, so I will ask the deputy to adjourn.